FELICIA YU (SBN 193316)
RAAGINI SHAH (SBN 268022)
REED SMITH LLP
355 South Grand Avenue
Los Angeles, California 90071
Telephone:   (213) 457-8015
Facsimile:    (213) 457-8080
E-mail:  fyu@reedsmith.com

KEVIN P. JACOBS (*pro hac vice*)
HERRON JACOBS ORTIZ
1401 Brickell Avenue, Suite 840
Miami, Florida  33131
Telephone:  (305) 779-8108
Facsimile:   (305) 779-8104
E-mail:  kjacobs@hjo-law.com

PETER W. HOMER (*pro hac vice*)
HOMER BONNER, P.A.
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone:  (305) 350-5139
Facsimile:   (305) 372-1443
E-mail:  phomer@homerbonner.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERGUSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>CORINTHIAN COLLEGES, INC., CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST UNIVERSITY, CORINTHIAN COLLEGES, INC., d/b/a EVEREST INSTITUTE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE OF BUSINESS, TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, LLC, and HEALD CAPITAL, LLC,<br><br>                    Defendants. | Case No. SACV 11-00127 DOC (AJWx)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT**<br><br>**The Honorable David O. Carter** |
| SANDRA L. MUÑIZ, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>CORINTHIAN COLLEGES, INC., CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST UNIVERSITY, CORINTHIAN | Case No. SACV 11-00259 DOC (AJWx) |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

COLLEGES, INC., d/b/a EVEREST INSTITUTE, CORINTHIAN COLLEGES, INC., d/b/a EVEREST COLLEGE OF BUSINESS, TECHNOLOGY AND HEALTH CARE, HEALD COLLEGE, LLC, and HEALD CAPITAL, LLC,

Defendants.

Defendants Corinthian Colleges, Inc.; Corinthian Colleges, Inc., d/b/a Everest College; Corinthian Colleges, Inc., d/b/a Everest University; Corinthian Colleges, Inc., d/b/a Everest Institute; Corinthian Colleges, Inc., d/b/a Everest College of Business, Technology and Health Care; Heald College, LLC; and Heald Capital, LLC (collectively, "the School"), in compliance with the district court's January 5, 2012 Order (Dkt. 65), submit this Answer and Affirmative Defenses to the Complaint as it relates to public injunction allegations, filed by Plaintiff Sandra L Muniz ("Plaintiff").[1]  Any allegations set forth in Plaintiff's Complaint not specifically admitted herein in hereby denied.

## ANSWER

1. Denied.

2. The School admits Corinthian Colleges, Inc. is a for-profit higher education company founded in 1995 with its headquarters in Santa Ana, California; that Corinthian owns Everest entities and Heald Capital, LLC; that Corinthian Colleges, Inc. had its initial public offering on February 5, 1999; that the School had more than 113,800 students enrolled as of September 30, 2010; the School denies the remainder of the allegations of this paragraph.

3. Denied.

---

[1] The School files this pleading solely to comply with the Court's January 5, 2012 Order, and specifically without waiver of its current appeal of the Court's Order denying the School's motion to compel arbitration of the public injunction claims, *Corinthian Colleges, Inc., et al. v. Ferguson, at al.*, Case No. 11-56965 (9th Cir.), or the School's Ninth Circuit motion to stay this action pending appeal.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

4. Denied.

5. The School admits that Title IV federal financial aid accounted for a portion of its revenue in 2009; the School denies the remainder of the allegations of this paragraph.

6. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

7. The School is without knowledge sufficient to form a belief as to the estimates of an unidentified "independent analysis;" the School denies the remainder of the allegations of this paragraph.

8. The School admits Senator Richard Durbin of Illinois gave a speech before the U.S. Senate on September 28, 2010, and that the text of that speech as excerpted in the paragraph speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations contained in the excerpt.

9. Denied.

10. Denied.

11. The School admits that Corinthian Colleges, Inc. is headquartered in Santa Ana, California; the School denies the remainder of the allegations of this paragraph.

12. The School admits Plaintiff enrolled in Heald College's Rancho Cordova campus in 2007; received an office skills certificate; enrolled in paralegal programs; and transferred from the paralegal program to the criminal justice program at Heald's Roseville campus. The School denies the remainder of the allegations of this paragraph.

13. The School admits Corinthian Colleges, Inc. is a for-profit higher education company founded in 1995 with its headquarters in Santa Ana, California; that Corinthian owns Everest entities and Heald Capital, LLC; that Corinthian Colleges, Inc. had its initial public offering on February 5, 1999; that the School had

more than 113,800 students enrolled as of September 30, 2010; the School denies the remainder of the allegations of this paragraph.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. The School admits that Heald College, LLC was founded in San Francisco, California in 1863; that Heald College, LLC operates campuses in California, Oregon, and Hawaii; and that Heald College, LLC offers associate's degrees and certifications; the School denies the remainder of the allegations of this paragraph.

19. Admitted.

20. Denied.

21. The School admits 113,818 students were enrolled as of September 30, 2010 and denies the remainder of the allegations of this paragraph.

22. Denied as to this paragraph and all subparts therein.

23. Denied as to this paragraph and all subparts therein.

24. Denied.

25. Denied.

26. The School is without knowledge sufficient to form a belief as to the allegations of this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

34. Denied.

35. Denied as to this paragraph and all subparts therein.

36. Denied.

37. Denied.

38. The statements of the U.S. Department of Education in April 2010 speak for themselves; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations in the quoted excerpt.

39. The statements of the U.S. Department of Education in April 2010 speak for themselves; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations in the quoted excerpt.

40. The requirements of Title IV speak for themselves and are issues of law; the School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

41. The School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

42. Denied.

43. Denied.

44. Denied.

45. The School's third quarter Form 10-Q from 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

46. The School is without knowledge sufficient to form a belief as to the estimates of an unidentified "independent analysis;" the School denies the remainder of the allegations of this paragraph.

47. Denied.

48. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

49. The excerpted part of the September 28, 2010 speech of Senator Durbin stated in this paragraph speaks for itself; the School denies the remainder of the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

allegations of this paragraph, including, but not limited to, the allegations in the excerpted quote.

50. Denied.

51. The School admits that the Department of Education issued a program review report in April 2010 concerning Corinthian; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations of this report.

52. The excerpted part of the September 28, 2010 speech of Senator Durbin stated in this paragraph speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations in the speech.

53. Denied.

54. The School's 2010 Annual Report speaks for itself; the School denies the remainder of the allegations of this paragraph.

55. The School admits that the United States Department of Veterans Affairs (the "VA") is subject to the requirements of 38 U.S.C. § 3313(c)(1)(A) and that the VA publishes a rate table; the School denies the remainder of the allegations of this paragraph.

56. 34 C.F.R. § 668.43 speaks for itself; the School denies the remainder of the allegations of this paragraph.

57. Denied.

58. Denied.

59. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

60. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

61. Denied.

62. Denied.

63. Denied.

64. The School admits that the Higher Learning Commission is the accrediting agency for Everest College Phoenix; the School denies the remainder of the allegations of this paragraph.

65. The School's Form 10-Q speaks for itself; the School denies the remainder of the allegations of this paragraph.

66. Denied.

67. The November 4, 2010 HLC order to show cause speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the excerpted allegations of the order and all subparts of this paragraph.

68. Denied.

69. Denied.

70. Denied.

71. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

72. Denied.

73. Denied.

74. Denied.

75. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

83. Denied.

84. The website and webpages discussed speak for themselves; the School denies the remainder of the allegations of this paragraph.

85. Denied.

86. The School admits Everest's campuses have national accreditation; the School denies the remainder of the allegations of this paragraph.

87. Denied.

88. The School's third quarter Form 10-Q report for 2010 speaks for itself; the School denies the remainder of the allegations of this paragraph.

89. Denied.

90. The School's third quarter Form 10-Q report for 2010 speaks for itself; the School denies the remainder of the allegations.

91. The excerpted part of the September 28, 2010 speech of Senator Durbin stated in this paragraph speaks for itself; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations in the excerpted quote.

92. Denied.

93. Denied.

94. The School admits that Plaintiff enrolled in and completed the business skills program at Heald College and admits that Plaintiff also enrolled in the paralegal and criminal justice programs at Heald College; the School denies the remainder of the allegations of this paragraph.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. The requirements of Title IV speak for themselves and are issues of law; the School denies the remainder of the allegations of this paragraph.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

100. The School admits Bloomberg News published an article on December 9, 2010; the excerpted passage and the requirements of the 2008 GI Bill speak for themselves; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations of the excerpted article.

101. Denied.

102. Denied.

103. The enrollment website speaks for itself; the School denies the remainder of the allegations in this paragraph.

104. The School admits that the United States Department of Veterans Affairs (the "VA") is subject to 38 U.S.C. § 3313(c)(1)(A) and that the VA publishes these amounts in a rate table; the School denies the remainder of the allegations of this paragraph.

105. Denied.

106. Denied.

107. The quoted excerpt speaks for itself; the School is without sufficient knowledge to form a belief as the allegations of the quoted excerpt; the School denies the remainder of the allegations of this paragraph, including, but not limited to, the allegations in the quoted excerpt.

108. The School admits the GAO conducted an investigation in 2009 with respect to career education schools and denies the remainder of the allegation of this paragraph and all subparts therein.

109. The contents of the GAO report speak for themselves; the School is without knowledge sufficient to form a belief as to the practices of other educational institutions; the School denies the remainder of the allegations of the paragraph.

110. The contents of the GAO report speak for themselves; the School is without knowledge sufficient to form a belief as to the practices of other educational institutions; the School denies the remainder of the allegations of the paragraph.

111. The contents of the GAO report speak for themselves; the School is

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

without knowledge sufficient to form a belief as to the practices of other educational institutions; the School denies the remainder of the allegations of the paragraph.

112. The School's third quarter Form 10-Q report from 2010 speaks for itself; the School denies the remainder of the allegations of the paragraph.

113. Denied.

114. Denied.

115. Denied.

## Alleged Fraud
## (First Claim)

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 116 through 129 of the Complaint pertaining to Plaintiff's putative claim for alleged fraud, as this claim has been compelled to individual arbitration.

## Alleged Negligent Misrepresentation
## (Second Claim)

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 130 through 134 of the Complaint pertaining to Plaintiff's putative claim for alleged negligent misrepresentation, as this claim has been compelled to individual arbitration.

## Alleged Violation of California Business & Professions Code § 17200, *et seq.*
## (Third Alleged Claim)

135. The School incorporates its responses in paragraphs 1 through 115 of the Complaint as if fully set forth herein, as well as the unnumbered response to paragraphs 116 through 134 of the Complaint and the unnumbered response to paragraphs 156 through 166 of the Complaint. Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-

1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

136. California's Unfair Trade Practices Act, California Business & Professions Code § 17200, *et seq.*, speaks for itself and its definitions are an issue of law; the School denies the remainder of the allegations of this paragraph.

137. California's Unfair Trade Practices Act, California Business & Professions Code § 17200, *et seq.*, speaks for itself and its interpretation is an issue of law; the School denies the remainder of the allegations of this paragraph.

138. Denied.

139. The Private Postsecondary Education Act of 2009, California Education Code § 94800, *et seq.*, speaks for itself and its requirements are an issue of law; the School denies the remainder of the allegations of this paragraph including all subparts herein.

140. Denied.

141. Denied.

**Alleged Violation of California Business & Professions Code § 17200,** ***et seq.***
**(Fourth Alleged Claim)**

142. The School incorporates its responses in paragraphs 1 through 115 of the Complaint as if fully set forth herein, as well as the unnumbered response to paragraphs 116 through 134 of the Complaint and the unnumbered response to paragraphs 156 through 166 of the Complaint. Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

143. The False Advertising Act, California & Professions Code § 17500, *et seq.*, speaks for itself and its requirements are an issue of law; the School denies the remainder of the allegations of this paragraph.

144. The False Advertising Act, California & Professions Code § 17500, *et*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*seq.*, speaks for itself and its requirements are an issue of law; the School denies the remainder of the allegations of this paragraph.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

## Alleged Violation of the Consumer Legal Remedies Act
## (Fifth Alleged Claim)

150. The School incorporates its responses in paragraphs 1 through 115 of the Complaint as if fully set forth herein, as well as the unnumbered response to paragraphs 116 through 134 of the Complaint and the unnumbered response to paragraphs 156 through 166 of the Complaint. Plaintiff has incorporated every supposed preceding count into this alleged paragraph and count, including counts compelled to individual arbitration, thus making this an improper "shotgun" pleading subject to striking and/or dismissal. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

151. The Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*, speaks for itself and its requirements are an issue of law; the School denies the remainder of the allegations of this paragraph.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

## Alleged Breach of Implied Contract
## (Sixth Claim)

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 156 through 162 of the Complaint pertaining to Plaintiff's

putative claim for breach of implied contract, as this claim has been compelled to individual arbitration.

### Alleged Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Seventh Claim)

In this case, the School is not required to respond, and it would be improper to respond, to Paragraphs 163 through 166 of the Complaint pertaining to Plaintiff's putative claim for alleged breach of the implied covenant of good faith and fair dealing, as this claim has been compelled to individual arbitration.

167. Denied.

The School denies that Plaintiff is entitled to any of the damages or relief sought by the Complaint and/or requested in Plaintiff's "Prayer for Relief," including, but not limited to, Plaintiff's request for supposed preliminary and permanent injunctive relief (including any purported injunctive relief on behalf of the public), any purported declaratory relief, supposed restitution, alleged disgorgement, purported punitive damages, and the alleged costs of this action, including expert fees and attorney's fees.

### **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's alleged claims are subject to individual arbitration pursuant to Plaintiff's enrollment agreements with the School. *See* 9 U.S.C. § 1, *et seq*. The question of the enforceability of the arbitration agreements to purported claims for public injunctive relief is currently the subject of an appeal styled *Kevin Ferguson, et al. v. Corinthian Colleges, Inc., et al.*; Case No. 11-56965 (9th Cir.).

2. Plaintiff's alleged claims fail or are barred, in whole or in part, because venue is improper in this Court as the parties have an enforceable arbitration agreement to arbitrate all disputes, including but not limited to the purported claims for public injunctive relief. The question of the enforceability of the arbitration agreement to such claims is currently the subject of an appeal styled *Kevin Ferguson,*

*et al. v. Corinthian Colleges, Inc., et al.*; Case No. 11-56965 (9th Cir.).

3. Plaintiff cannot state a supposed class action claim because Plaintiff entered into enforceable arbitration agreements that do not permit a class action, and all relevant claims are subject to individual arbitration. *See Stolt-Nielsen S.A. v. AnimalFeeds, Int'l Corp.*, 559 U.S. __, 130 S. Ct. 1758 (2010).

4. The Complaint and all supposed claims for relief are improperly pled and should be stricken pursuant to Rule 8, Fed.R.Civ.P. *See, e.g., Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566 *5-8 (E.D. Cal. Jan. 8, 2009).

5. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff has failed to state a valid claim for a purported public injunction upon which relief can be granted, and is not entitled to recover for any of the alleged damages, losses, or injury (if any) asserted.

6. Plaintiff's alleged claims fail or are barred, in whole or in part, because venue is improper in this Court pursuant to 28 U.S.C. § 1404, as stated in the School's previously filed motion to transfer venue and related filings, D.E. 13, 14, 15, and 16 (*Muniz v. Corinthian Colleges, Inc., et al*;.; Case No. 8:11-cv-00259-DOC-AJW); and D.E. 10, 11, 12, 13, 16, 29, 30, 31, and 32 (*Ferguson v. Corinthian Colleges, Inc., et al.*; Case No. 8:11-cv-00127-DOC-AJW).

7. Plaintiff's alleged claims fail or are barred, in whole or in part, because her action was improperly consolidated with claims of another student of the School, in violation of Plaintiff's enrollment agreements with the School.

8. Plaintiff's alleged claims fail or are barred, in whole or in part, because this action was improperly consolidated with the case styled *Ferguson v. Corinthian Colleges, Inc., et al.*; Case No. 8:11-cv-00127-DOC-AJW, as stated in the School's previously filed opposition to consolidation and related filings, D.E. 24, 25, 26, and 17 (*Ferguson v. Corinthian Colleges, Inc., et al.*; Case No. 8:11-cv-00127-DOC-AJW).

9. Plaintiff's alleged claims for "public injunctive relief" against the School fail or are barred, in whole or in part, because Plaintiff lacks standing to bring them.

10. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's claims are moot.

11. Plaintiff's alleged statutory claims fail or are barred, in whole or in part, because Plaintiff has suffered no injury from the School's alleged violations and/or is not within the class of persons sought to be protected by the relevant statutes.

12. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School acted at all times in good faith and without the requisite culpability with respect to the alleged violations asserted in the Complaint.

13. Plaintiff's alleged claims fail or are barred, in whole or in part, because the public interest weighs against the imposition of Plaintiff's request relief against the School.

14. Plaintiff's alleged claims fail or are barred, in whole or in part, because neither Plaintiff nor any member of the general public reasonably and/or justifiably relied on the alleged acts or omissions set forth in the Complaint.

15. This Court lacks subject matter jurisdiction over the Complaint under 28 U.S.C. § 1332.

16. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff did not suffer any injury or damages by reason of the alleged acts or omissions set forth in the Complaint

17. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff did not exercise due care and failed to act reasonably to protect herself from, or to mitigate, any damages she allegedly may have sustained by reason of the alleged acts or omissions set forth in the Complaint

18. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's own conduct constitutes a failure to mitigate the supposed damages she allegedly suffered, and her supposed damages are otherwise speculative, not cognizable and not recoverable.

19. Plaintiff's alleged statutory claims fail or are barred, in whole or in part,

because the School is exempt from Claimant's putative statutory claims.

20. Plaintiff's alleged claims fail or are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, in pari delicto, and laches.

21. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's purported claims are time-barred by the applicable statute of limitations.

22. Plaintiff has not established a basis for and is not entitled to recover attorneys' fees, investigative costs, or expert witness expenses, either pursuant to any contract or by statute.

23. As a matter of law and fact, Plaintiff has no claim for, or entitlement to, punitive damages, including in connection with her supposed claim for public injunctive relief, and Plaintiff is precluded from recovering punitive damages in this proceeding

24. Plaintiff's purported claims fail or are barred, in whole or in part, because the supposed allegations of misrepresentation are inconsistent with, and contrary to, plain written disclosures provided to Plaintiff and the terms of her enrollment agreements with the School.

25. Plaintiff's alleged claims fail or are barred, in whole or in part, or the damages (if any) allegedly sustained by Plaintiff are reduced by, her contributory and/or comparative fault or that of a third party.

26. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff committed an anticipatory breach of her enrollment agreements with the School.

27. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School's alleged statements were mere inactionable "puffing" or opinion.

28. Plaintiff's alleged claims fail or are barred, in whole or in part, because any such violation committed by the School was not intentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and the School made appropriate corrections or remedies in accordance

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

with applicable statutes.

29. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff has not properly pled (nor can Plaintiff plead) any claims for injunctive relief.

30. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff failed to comply with the applicable pre-suit requirements for bringing Plaintiff's putative claims.

31. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff is not entitled to seek injunctive relief under any California statute on a supposed nationwide basis.

32. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff's requested relief is preempted by state and/or federal law, including the Supremacy Clause.

33. Plaintiff's alleged claims fail or are barred, in whole or in part, under the dormant commerce clause and the due process clauses of the 5th and 14th Amendments.

34. The School expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

35. Plaintiff's alleged claims fail or are barred, in whole or in part, because Plaintiff entered into a valid accord and satisfaction concerning Plaintiff's alleged claims for relief.

36. Plaintiff's alleged claims fail or are barred, in whole or in part, because of the voluntary payment doctrine.

37. Plaintiff's alleged claims fail or are barred, in whole or in part, because the School is entitled to a set off, abatement, and/or recoupment of any and all amounts Plaintiff claims she is owed.

38. Additional facts may be revealed by future discovery that support additional affirmative defenses presently available to, but unknown to, the School.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT

1  Therefore, the School reserves the right to assert additional defenses in the event that
2  discovery and investigation indicate that additional defenses would be appropriate.

DATED:  January 25, 2012.

                        REED SMITH LLP

                        By  */s/ Felicia Yu*
                            Felicia Yu
                            Attorneys for Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF MUNIZ'S COMPLAINT